**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Robert Visintine,

  Petitioner,

 v.

United States of America,

  Respondent.

Case No. 1:92cr96-1
     1:91cr122-2
     1:92cr085

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court on Petitioner Robert Visintine's Motion to Vacate under 28 U.S.C. 2255. (Doc. 22). Petitioner also filed the following identical motions in both pending cases: Motion for Emergency Relief and Expedited Consideration (Docs. 23, 47, 15); Motion for Judgment on the Pleadings (Doc. 25, 48, 16); Motion for Judgment (Docs. 29, 57, 18); and Motion for Judgment on the Pleadings (Docs. 30, 58, 19). (*Compare* Docs. 23, 25, 29, 30 in Case No. 1:92cr96-1 *with* Docs. 47, 48, 57, 58 in Case No. 1:91cr122-2 *and* Docs. 15, 16, 18, 19 in Case No. 1:92cr085). Also pending is a Motion to Expedite in Case No. 1:92cr96-1. (Doc. 24).

In 1992, Petitioner plead guilty to four counts of Armed Bank Robbery, 18 U.S.C. § 2113, and two counts of carrying and brandishing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c). He was sentenced to 375 months in prison.

On June 24, 2016, Petitioner filed his first § 2255 motion. (Doc. 13). He argued his sentence should be vacated pursuant to the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In granting the Government's

motion to dismiss, the undersigned explained that unlike the residual clause of the Armed Career Criminal Act at issue in *Johnson*, the Sixth Circuit has expressly held that the residual clause of 18 U.S.C. § 924(c) remains valid. (Doc. 21, PageID 29-30) (citing *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016)).

In Petitioner's instant § 2255 motion, he asks the Court to vacate his sentence, arguing that he is being denied proper cancer treatment and therefore the Government has breached the plea agreement.

Before a second or successive § 2255 motion may be filed in the district court, a federal prisoner must file a motion in the court of appeals as provided in 28 U.S.C. § 2254(b). However, "[a] claim raised in a numerically second habeas petition would not be deemed "second or successive" to the extent that it is based on a factual predicate that arose after a first habeas petition was filed." *In re Owens*, 525 Fed.Appx. 287, 290 (6th Cir. 2013) (citing *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010)).

However, before this Court could rule on Petitioner's pending motions, he filed a petition for a writ of mandamus in the Sixth Circuit, asking the Sixth Circuit to compel the undersigned to rule on his § 2255 motion. In denying his mandamus petition, the Sixth Circuit explained that "a motion to vacate is not the proper vehicle to challenge the provision of medical care." *In re Visintine*, Case. No. 17-4193 (6th Cir. Feb. 8, 2018). Indeed, a civil rights action against the prison officials would be the proper mechanism to raise a challenge alleging failure to provide medical care. *Id.*; *see also In re Owens*, 525 Fed.Appx. 287, 290 (6th Cir. 2013) (finding that claims of improper medical care constitute a challenge to the conditions of confinement and thus, are not properly pursued in a § 2254 petition); *Hamilton v. Bird*, 650 Fed.Appx. 585, 593 (10th Cir. 2016) (prisoner's

2

claim he was denied cancer treatment while incarcerated should be raised in a § 1983 action).

Accordingly, regardless of whether Petitioner's second § 2255 motion constitutes a successive petition, the Sixth Circuit has already determined that Petitioner's claims are not properly raised in a § 2255 motion.

Considering the foregoing, Petitioner's § 2255 motion (Doc. 22) is **DENIED**. Further, his Motions for Emergency Relief and Expedited Consideration (Docs. 23, 47, 15), Motion to Expedite (Doc. 24), and Motions for Judgment on the Pleadings (Doc. 25, 29, 30; Docs. 48, 57, 58; and Docs. 16,18,19) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

        s/ *Michael R. Barrett*
        Michael R. Barrett
        United States District Judge